JUDGE BUCHWALD

COPY

12 CIV 5455

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DAVID SCOTT,

                       Plaintiff,

      -against-

CITY OF NEW YORK, CITY OF NEW YORK DEPARTMENT
OF FINANCE, DAVID FRANKEL, Current Commissioner of the
City of New York Department of Finance, JOSEPH FUCITO,
Sheriff, City of New York Department of Finance, Office of the
Sheriff, and ANNIE LONG, EEO Investigator, City of New York
Department of Finance, individually and in their official capacities,
                       Defendants.
----------------------------------------------------------------X

**COMPLAINT WITH JURY DEMAND**



      Plaintiff, DAVID SCOTT, by and through his attorneys, the law firm of CRONIN & BYCZEK, LLP, as and for his Complaint against Defendants, respectfully set forth the following:

## NATURE OF ACTION

      1.     Plaintiff, DAVID SCOTT, brings this action pursuant to Title VII, 42 U.S.C. §§ 1981 and 1983, New York State Executive Law § 296, and New York City Human Rights Law for injunctive and declaratory relief, and for money damages to redress Plaintiff's continuous violation of his rights under the First, Fourth and Fourteenth Amendments to correct unlawful employment practice on the basis of discrimination based upon Plaintiff's race and color and in retaliation for engaging in protected activity. Defendants adversely altered the terms and conditions of Plaintiff's employment due to his race, color and engagement in protected activities.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction under U.S.C. §§ 1331 and 1343(a). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. § 2201.

3. Venue is proper in this jurisdiction under 23 U.S.C. § 1391(b) and as the acts complained of were and are being committed within its boundaries.

## PARTIES

4. Plaintiff, DAVID SCOTT (hereinafter referred to as "SCOTT"), is an African-American male employed by the City of New York Department of Finance, Office of the Sheriff (hereinafter "NYCDOF/SHERIFF"), as a New York City Deputy Sheriff and holds the position of Deputy Sheriff, is over twenty-one (21) years of age, and is a resident of New York County, State of New York and is a citizen of the United States.

5. At all times relevant to this action, SCOTT was, and still is, a uniformed member of the City Sheriff's Office. He currently holds the rank of Deputy Sheriff.

**Defendants:**

6. The Defendants listed below were at all times referred to in this Complaint, employees of NYCDOF/SHERIFF, supervisory personnel of NYCDOF/SHERIFF and acting under color of state law. These Defendants are sued in their individual capacities for compensatory and punitive damages.

7. At all times material herein, NYCDOF/SHERIFF employed the Defendants, who were all supervisory staff at NYCDOF/SHERIFF, acting in the capacity of agents, servants, and employees of NYCDOF/SHERIFF, and within the scope of their employment as such.

8. Defendant, CITY OF NEW YORK (hereinafter referred to as "CITY"), is a municipal entity created and authorized under the laws of the City of New York and State of New York. CITY is authorized by law to maintain a Department of Finance that acts as its agent and for which it is ultimately responsible. The New York City Sheriff's Office is a division of the Department of Finance, and is the chief civil law enforcement office for the City of New York.

9. Defendant, CITY OF NEW YORK DEPARTMENT OF FINANCE (hereinafter referred to as "FINANCE"), is a municipal entity created and authorized under the laws of the City of New York and State of New York. The New York City Sheriff's Office is a division of FINANCE, and is the chief civil law enforcement office for the City of New York.

10. Defendant, DAVID FRANKEL (hereinafter referred to as "FRANKEL"), is the Commissioner of the City of New York Department of Finance and has been so since September 2009 and was and is acting in such capacity at all times relevant herein. FRANKEL was SCOTT's supervisor. He was involved in the harassment and retaliation of SCOTT as a result of SCOTT's participation in Union Assembly hearings, demonstrations, press conferences, grievances, opposition and complaints regarding NYCDOF/SHERIFF policies and practices. FRANKEL is sued in his official capacity.

11. Defendant, JOSEPH FUCITO (hereinafter referred to as "FUCITO"), at all times relevant to this Complaint, was SCOTT's superior officer and supervisor. He was directly involved in the discrimination, the harassment and retaliation of SCOTT. He is sued in his individual and official capacity.

12. Defendant, ANNIE LONG (hereinafter referred to as "LONG"), was at all times relevant the EEO Investigator in the City of New York Department of Finance Sheriff's Office.

3

20. Similarly-situated non-African-American deputy sheriffs were neither disciplined nor did Defendants seek their termination for far more egregious and severe misconduct than not writing a memo; including, but not limited to: 1) a Caucasian deputy sheriff, Walter Kraker, cited for stealing time found by GPS to be a diner while he was supposed to be on duty; 2) a Hispanic deputy sheriff firing his gun; 3) a Hispanic deputy sheriff losing his gun in a restroom; 4) a Caucasian deputy sheriff arrested under criminal DWI charges; 5) a Caucasian deputy sheriff, Kevin McCormick, found twice with pornography on his work computer, and was insubordinate against supervisors, did not wear ballistic vest; 6) William Tracy and Wayne Price, both Caucasians, were involved in domestic disputes; 7) Steven Burdman, Caucasian, was found to have engaged in insubordination; 8) Steve Itkins, Caucasian, was insubordinate against Lt. Mellado who tried to bring charges against him but was not permitted to do so; and 9) Julie Martello, a white female, was cited for stealing but was not suspended or disciplined.

21. SCOTT should have been issued a counseling memo yet Defendants proceeded with disciplinary charges and sought his termination.

22. On or about July 1, 2010, SCOTT contacted LONG. SCOTT's due process rights were violated by LONG, when, upon information and belief, she showed the named Defendants SCOTT's allegations, which further created a hostile work environment. On or about July 30, 2010, she informed SCOTT that FINANCE would no longer investigate the matter since SCOTT notified them on or about July 21, 2010 that he was going to file a complaint with the United States Office of Equal Employment. It was Defendants' position that FINANCE did not have to do anything further to protect SCOTT's rights.

23. Upon notification that SCOTT intended to file a charge with the EEOC and Defendants immediately subjected him to retaliation, including but not limited to trying to

terminate plaintiff's employment - At pre-trial conference on August 10, 2010, the Judge advised FINANCE that at most the issue should warrant a punishment of loss of a few annual days, but Defendants sought termination, even though SCOTT have already served a thirty (30) day suspension in this matter. Upon being questioned by the Judge, Defendants could not justify their position.

24. SCOTT filed a charge with the EEOC on August 14, 2010.

25. In addition, Defendants also retaliated against SCOTT because he testified on behalf of another deputy sheriff, James Davis, who brought a lawsuit against the Department

26. Defendant Fucito and Lt. Maria created a hostile working environment and discriminated against plaintiff when he did not conduct a proper investigation and drafted false charges against plaintiff which were presented to defendant Frankel directly and not the Advocate's Office for inquiry/investigative interviews. Defendant Frankel knew or should have known that this violated proper procedures.

27. Defendant Fucito discriminated and retaliated and created a hostile work environment against plaintiff when: he purposely withheld information from the Advocate regarding an African American Supervisor who witnessed the informal inquiry, to date she has not been interviewed by any representative of the defendant regarding plaintiff's claim; failed to follow proper procedure and did not request plaintiff's memo book entries for any inquiries or investigations; circumvented three levels of supervisors above his won rank to make an example out of plaintiff by disciplining him without following the proper procedures, including filing charges with Defendant Frankel and not the Advocate's office; falsely citing plaintiff's witness James Davis (male, African American, Union Rep.) as a person to be charged rather than a witness to the informal inquiry; intentionally harassing plaintiff when he returned from suspension, forcing

plaintiff to write the memo which confirmed there was no justification for the initial inquiry but Defendant Fucito still disciplined plaintiff for the non-usage of an EZ-Pass for which there were no requirements or specifications for usage other than a sign out sheet and forcing him to return to the same unit and supervisor, Lt. Maria Rivera, thereby creating a hostile work environment against plaintiff.

### AS AND FOR PLAINTIFF'S FIRST CLAIM AGAINST INDIVIDUAL DEFENDANTS FOR RACE AND COLOR DISCRIMINATION, RETALIATION AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF <u>TITLE VII OF THE CIVIL RIGHTS ACT OF 1964</u>

28. Plaintiff, SCOTT, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

29. SCOTT alleges that Defendant, CITY, through its agents engaged in a pattern and practice of discrimination against him with respect to the terms, conditions and privileges of employment because of SCOTT's race, color, retaliation and hostile work environment in violation of 42 U.S.C. § 2000e-2.

30. As a result of the acts of Defendants under color of law, SCOTT suffered emotional distress, humiliation and embarrassment, medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

7

## AS AND FOR PLAINTIFF'S SECOND CLAIM AGAINST INDIVIDUAL DEFENDANTS FOR RACE AND COLOR DISCRIMINATION, RETALIATION AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

31. Plaintiff, SCOTT, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants, under color of law, personally interfered with and deprived SCOTT of his constitutional rights, based upon his race, color, hostile work environment and retaliation including the rights: to enjoy freedom of speech; to petition her government for redress of his grievances; to be secure in his person; to enjoy privacy; to be free from deprivation of life, liberty, and property without due process of law.

33. Defendants, acting individually and in their official capacities as public officials of Defendants, CITY and FINANCE, under color of law, and having been fully advised that SCOTT was being deprived of his constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against SCOTT, or knowing such discrimination was taking place, knowingly omitted to act to protect SCOTT from continuing deprivations of his rights to enjoy freedom of speech, to petition his government for redress of his grievances, to be secure in his person, to enjoy privacy, to be free from deprivation of life, liberty, and property without due process of law, all in violation of 42 U.S.C. § 1983.

34. Defendants, in acting to deprive SCOTT's rights, acted intentionally, knowingly, willfully, and with gross disregard of SCOTT's rights.

35. As a result of the acts of the Defendants under color of law, SCOTT suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

### AS AND FOR PLAINTIFF'S THIRD CLAIM AGAINST INDIVIDUAL DEFENDANTS FOR 42 U.S.C. § 1983 FOR VIOLATION OF THE RIGHT TO EQUAL PROTECTION OF THE LAWS UNDER THE FOURTEENTH AMENDMENT

36. Plaintiff, SCOTT, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants, through their policies, practices, acts and omissions are deliberately indifferent to the hostile work environment, discrimination and retaliation of SCOTT in violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

38. Based on the foregoing, SCOTT is entitled to compensatory damages in the amount of One Million ($1,000,000.00) Dollars and punitive damages in the amount of One Million ($1,000,000.00) Dollars.

### AS AND FOR PLAINTIFF'S FOURTH CLAIM AGAINST INDIVIDUAL DEFENDANTS FOR RACE AND COLOR DISCRIMINATION, RETALIATION AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

39. Plaintiff, SCOTT, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "38" with the same force and effect as if fully set forth herein.

40. That by the aforesaid discriminatory acts and omissions of Defendants acting individually and in their official capacities as public officials of Defendants, CITY and FINANCE, interfered with SCOTT's right to enforce contracts under the color of State Law.

41. That the purpose of Defendants in so acting was to prevent SCOTT, through economic and psychological intimidation, from seeking the equal protection of the laws, and from enjoying the equal privileges and immunities of citizens under the Constitution and laws of the United States and the State of New York including but not limited to enjoy his right to freedom of speech, to petition his government for redress of his grievances, to enjoy privacy, and deprivation of life, liberty, and property without due process of law.

42. Pursuant to their conduct, the Defendants acted to deprive SCOTT of his civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threat, all in violation of 42 U.S.C. § 1981.

43. As a result of the aforesaid acts, depriving SCOTT of his civil rights, SCOTT suffered mental anguish, emotional distress, loss of employment opportunities, and other monetary damages.

### AS AND FOR PLAINTIFF'S FIFTH CLAIM AGAINST INDIVIDUAL DEFENDANTS FOR RACE AND COLOR DISCRIMINATION, RETALIATION AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF NEW YORK STATE EXECUTIVE LAW § 296

44. Plaintiff, SCOTT, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "43" with the same force and effect as if fully set forth herein.

45. New York State Executive Law § 296 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color, retaliation and hostile work environment.

46. As a result of the acts of the Defendants under color of law, SCOTT suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

### AS AND FOR PLAINTIFF'S SIXTH CLAIM AGAINST INDIVIDUAL DEFENDANTS FOR RACE AND COLOR DISCRIMINATION, RETALIATION AND HOSTILE WORK ENVIRONMENT IN VIOLATION OF NEW YORK CITY ADMINISTRATIVE CODE § 8-502

47. Plaintiff, SCOTT, repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "46" with the same force and effect as if fully set forth herein.

48. New York City Administrative Code § 8-502, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of race, color, retaliation and hostile work environment.

49. As a result of the acts of the Defendants under color of law, SCOTT suffered emotional distress, monetary damage, loss of pension rights, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## REQUEST FOR A JURY TRIAL

The Plaintiff, DAVID SCOTT, requests a jury trial on all questions of fact raised by the Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that this Honorable Court grant the following relief:

(a) Declare that the continuing policies, practices, actions and omissions of the Defendants, as described above, violate the rights of the Plaintiff under the First, Fourth and Fourteenth Amendments;

(b) As and for the First Claim against individual Defendants in the amount of One Million ($1,000,000.00) Dollars and Punitive Damages in the amount of One Million ($1,000,000.00) Dollars;

(c) For the Second Claim against individual Defendants in the amount of One Million ($1,000,000.00) Dollars and Punitive and Exemplary damages in the amount of One Million ($1,000,000.00) Dollars;

(d) For the Third Claim against individual Defendants in the amount of One Million ($1,000,000.00) Dollars and Punitive and Exemplary Damages in the amount of One Million ($1,000,000.00) Dollars;

(e) For the Fourth Claim against individual Defendants in the amount of One Million ($1,000,000.00) Dollars and Punitive and Exemplary Damages in the amount of One Million ($1,000,000.00) Dollars;

(f) For the Fifth Claim against individual Defendants in the amount of One Million ($1,000,000.00) Dollars and Punitive and Exemplary Damages in the amount of One Million ($1,000,000.00) Dollars;

(g) For the Sixth Claim against individual Defendants in the amount of One Million ($1,000,000.00) Dollars and Punitive and Exemplary Damages in the amount of

One Million ($1,000,000.00) Dollars;

(h)   In all Claims, reasonable attorneys' fees, pre-judgment interest, costs of this action and for such other relief as this Court may deem just and proper.

Dated: Lake Success, New York
July 13, 2012

Yours, etc.

CRONIN & BYCZEK, LLP

_____
Linda M. Cronin (LC0766)
Attorneys for Plaintiff
1983 Marcus Avenue, Suite C-120
Lake Success, New York  11042
(516) 358-1700